IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| COMCAST OF DALLAS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1561-L |
| | ) |
| PROCUREMENT SPECIALISTS, INC., an | ) |
| OTC Suspended Oklahoma Corporation; and | ) |
| TODD J. PEMBERTON, individually, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

This matter is before the court on plaintiff's Motion to Quash Subpoena Duces Tecum on William Underwood, Pursuant to F.R.C.P. 45[c](3)(A)(iii) **[Doc. No. 34]**. Plaintiff seeks an order quashing the Subpoena Duces Tecum [Doc. No. 30, Attachment 1] served on Alabama attorney William Underwood which requested: "ANY AND ALL FILE MATERIALS, INCLUDING BUT NOT LIMITED TO SETTLEMENT AGREEMENTS IN CASE *COMCAST V. BRYAN MARTIN*, CV 04 S 0750 NW." Plaintiff's motion states that the settlement agreement contains the following standard confidential language:

> The parties agree that this Agreement and any and all matters concerning the relationship between Comcast and Releasees will be regarded as confidential information between the parties, except as required by legal process, that neither they, nor their counsel, will reveal, disseminate by publication of any sort or release in any manner or means the terms and conditions of this Settlement Agreement and release to any other person

including, without limitation, any members(s) of the public, newspaper, magazine, radio station, or television station.

According to plaintiff, the subpoena should be quashed under Rule 45(c)(3)(A)(iii) which authorizes the court, upon timely motion, to quash or modify a subpoena which "requires disclosure of privileged or other protected matter and no exception or waiver applies. . . ".

In their response, defendants assert that the subpoena seeking production of the settlement agreement should not be quashed because (1) the file sought by defendants is relevant, (2) confidential settlement agreements are not privileged, and (3) plaintiff lacks standing to quash the subpoena.

The scope of discovery is "any matter, not privileged, that is relevant to the claim or defense of any party. . . ".  Fed. R. Civ. P. 26(b)(1).  As noted by defendants, plaintiff cited the Brian Martin litigation in its own complaint filed in this matter, alleging that defendants distributed descrambling devices either directly to end users or through "subdistributors such as Brian Martin" who, it is alleged, "is currently a Defendant in a lawsuit being prosecuted by Comcast in AL for his sales of illegal cable descramblers in federal Court in the Northern District of Alabama (Northwestern Division), Case CV 04 S 0750 NW."  (Complaint, ¶ 21).  In light of plaintiff's own citation to the Alabama litigation in its complaint, plaintiff's recent claim that the settlement agreement in the Brian Martin "has no possible relevance to Defendants in the instant case" is somewhat inconsistent.

While the court has no way of knowing at this point whether the Brian Martin case has any relevance to the claims in this lawsuit and/or whether any such evidence will ultimately be admitted, the court finds that the requested discovery appears reasonably calculated to lead to the discovery of admissible evidence and is thus permissible under Fed. R. Civ. P. 26.

The court also agrees with defendants that plaintiff's mere assertion of confidentiality of the requested settlement agreement does render the document privileged.  A general concern for protecting confidentiality does not equate to privilege.  DIRECTV, Inc. v. Puccinelli, *et al.*, 224 F.R.D. 677, 684-85 (D.Kan. 2004) (citations omitted).  The mere fact that the settling parties agree to maintain the confidentiality of their agreement does not serve to shield the agreement from discovery.  Id.  Because the settlement agreement appears to be otherwise discoverable, the court will not enter an order prohibiting its disclosure on the grounds of confidentiality.  In this regard, the court notes that the language of the confidentiality provision requires the parties to maintain confidentiality, "except as required by legal process".  Therefore, the court finds that materials requested in the subpoena are discoverable and should be produced, subject to an appropriate protective order.

Accordingly, plaintiff's Motion to Quash Subpoena Duces Tecum on William Underwood, Pursuant to F.R.C.P. 45[c](3)(A)(iii) **[Doc. No. 34]** is **DENIED.**  The documents requested by defendants in the subpoena issued to

attorney William Underwood are ordered to be produced within twenty (20) days of the date of this order. The parties and counsel are ordered to maintain the settlement agreement in the highest confidence and its disclosure outside this litigation is strictly prohibited. If any doubt arises concerning the use of the settlement agreement or the disclosure of the settlement agreement to any person, an appropriate motion should be made to the court prior to such use or disclosure.

It is so ordered this 1st day of August, 2005.

*Tim Leonard*
TIM LEONARD
United States District Judge